UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| GRACE ENU CLERK and PATRICK A. CLERK, ) | Case No.: EDCV 12-01152-CJC(DTBx) |
| Plaintiffs, ) | |
| vs. ) | ORDER DISMISSING CASE |
| ) | |
| TELESIS COMMUNITY CREDIT UNION, COMMUNITY CREDIT UNION, and ASSET FORECLOSURE SERVICES, INC., ) | |
| Defendants. | |

## I.  INTRODUCTION AND BACKGROUND

Plaintiffs Grace Enu Clerk and Patrick A. Clerk (together, "Plaintiffs") brought this action against Defendants Telesis Community Credit Union ("TCCU"),[1] Community Credit Union, and Asset Foreclosure Services, Inc. (collectively, "Defendants"). Plaintiffs originally filed this action in San Bernardino County Superior Court.  The First Amended Complaint ("FAC") was removed to this Court on July 11, 2012.  In their FAC,

---

[1] National Credit Union Administration Board ("NCUAB") is a real party in interest defendant as the liquidating agent for TCCU.

Plaintiffs allege several causes of action related to a loan obtained from TCCU in order to purchase the property located at 2105 Horse Trail Drive, Redlands, CA (the "Subject Property"). Plaintiffs allegedly obtained the loan and purchased the Subject Property in 2005. (FAC ¶ 8.) From 2008 through 2011, Plaintiffs suffered economic hardship and fell behind on the payments due under the loan. (*Id*. ¶ 9.) In late 2008 and early 2009, Plaintiffs discussed modification of their loan with TCCU. (*Id*. ¶ 10.) TCCU made an offer to adjust the terms of the loan, but Plaintiffs were not able to accept the offer because it required "onerous repayment arrangements." (*Id*.) Plaintiffs allege that despite not receiving a loan modification, the loan was brought current prior to February 2011.[2] (*Id*.) Around this time, Plaintiffs allege that they received a Notice of Default from TCCU, and a few months later, received a Notice of Trustee Sale. (*Id*.) Before the Subject Property was sold, Plaintiffs filed for Chapter 13 bankruptcy. (*Id*. ¶ 47.) They allege that as part of their bankruptcy case, TCCU filed a false claim with the bankruptcy court overstating the amount by which Plaintiffs were behind on their loan payments. (*Id*. ¶ 48.) Plaintiffs allege that TCCU's false claim was the reason their bankruptcy case was eventually dismissed. (*Id*. ¶ 50.) Plaintiffs bring causes of action for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) wrongful foreclosure, (4) negligence, (5) violations of California Civil Code section 2923.5 and 2923.6, (6) unfair business practices under California Business & Professions Code section 17200 ("UCL"), and (7) declaratory relief.

On September 7, 2012, NCUAB moved to stay the action for 90 days due to the fact that TCCU was placed in involuntary liquidation. (Dkt. No. 7.) The Court granted the stay on September 10, 2012. (Dkt. No. 8.) Presently before the Court is TCCU's

---

[2] This allegation is directly contradicted by documents attached to the FAC, in which Plaintiffs admit to being behind on at least two loan payments as of February 2011. (*See* FAC ¶ 29, Exh. 5 ("[O]n February 24, 2011 the borrowers were only delinquent two mortgage payments of $4,557.08 each, plus two late fees of 5% of each mortgage payment, plus two impound account payments of $809.33 each.").)

1   motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure

2   12(c).  (Dkt. No. 11.)  Plaintiffs did not file an opposition to the motion.[3]  For the

3   following reasons, the Court converts TCCU's motion to a motion to dismiss and

4   DISMISSES this case.[4]

5

6   **II.  DISCUSSION**

7

8           A court may grant a motion for judgment on the pleadings pursuant to Federal

9   Rule of Civil Procedure 12(c), which provides that "after the pleadings are closed — but

10  early enough not to delay trial — a party may move for judgment on the pleadings."  A

11  motion for judgment on the pleadings is substantially identical to a motion to dismiss for

12  failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because both

13  permit challenges to the legal sufficiency of the opposing party's pleadings.  *Cafasso,*

14  *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)

15  ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6) and . . . 'the same standard of

16  review' applies to motions brought under either rule.").  The main difference between the

17  two motions is timing: a 12(b)(6) motion is brought before the filing of an answer,

18  whereas a motion for judgment on the pleadings is brought after the pleadings are closed.

19  Schwarzer, et al., Rutter Group Practice Guide: Federal Civil Procedure Before Trial, §

20  9:320, at 9–123 (2013).  "[T]he pleadings are closed for the purposes of Rule 12(c) once

21  a complaint and answer have been filed . . . ."  *Doe v. United States*, 419 F.3d 1058, 1061

22  (9th Cir. 2005); *see* Fed. R. Civ. P. 7(a); *Pac. Coast Fed'n of Fishermen's Associations v.*

23

24  _____
    [3]  The Court could grant TCCU's motion on this basis alone.  *See* Local Rule 7-12 ("The failure to file

25  any required document, or the failure to file it within the deadline, may be deemed consent to the
    granting or denial of the motion.").  Nevertheless, the Court considers the motion on its substantive

26  merits.
    [4]  Having read and considered the papers presented by TCCU, the Court finds this matter appropriate for

27  disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for
    June 24, 2013 at 1:30 p.m. is hereby vacated and off calendar.

28

*Glaser*, CIV S-11-2980-KJM, 2012 WL 3778963, at *7 (E.D. Cal. Aug. 31, 2012) ("Here, the Authority has yet to file an answer and therefore the pleadings are not closed. As such, federal defendants' motion is denied as premature, without prejudice."); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed.) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer.").

It does not appear that any defendant has filed an answer in this case.  Accordingly, a motion for judgment on the pleadings is premature.  The Court, however, converts TCCU's motion to a motion to dismiss pursuant to Rule 12(b)(6).  The Court finds that Plaintiffs will not be prejudiced given that the legal standard is the same for a motion to dismiss under Rule 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  In considering whether to dismiss a case for failure to state a claim, the issue before the Court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  However, "[m]ere legal conclusions" are not entitled to an assumption of truth, *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and the complaint must contain more than "a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint.  These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set

of facts in support of the claim." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (internal citation omitted); *see Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895, 900 (C.D. Cal. 2009) ("[A] court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint.").

## A.  Breach of Contract

The elements of a breach of contract claim in California are "(1) the contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damage to the plaintiff therefrom." *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008).  Plaintiffs allege that the loan constitutes a written contract with TCCU.  (FAC ¶ 19.)  They further allege that TCCU "had certain special duties to the Plaintiffs and also possessed a superior knowledge of the facts and circumstances surrounding the 2005 loan transaction . . . ." (*Id*. ¶ 21.)  Plaintiffs do not specify what these "special duties" are.  They go on to allege that "as a direct and proximate result of the Defendant's acts or omissions, [and] the corresponding breach of its contractual duties and obligations, the Plaintiff has been harmed in an amount to be determined at trial." (*Id*.)  As an initial note, Plaintiffs fail to specify how TCCU breached the contract. Presumably, they are alleging that it did so by improperly issuing the Notice of Default and Notice of Trustee Sale.  Regardless, Plaintiffs fail to state a claim for breach of contract because they have not alleged that they performed, or were excused from performance under the terms of the loan.  Plaintiffs admit that they fell behind on their loan payments between 2008 and 2011.  (*Id*. ¶ 9.)  Although they allege that the loan was current sometime around February 2011, (*id*.), they admit in a document attached to the FAC that they were actually behind on their loan payments as of February 24, 2011.  (*See* FAC ¶ 29, Exh. 5 ("[O]n February 24, 2011 the borrowers were only delinquent two mortgage payments of $4,557.08 each, plus two late fees of 5% of each mortgage payment, plus two impound account payments of $809.33 each.").)  Under the terms of

the loan, Plaintiffs agreed to "pay principal and interest by making a payment every month" and that they would be in default if they failed to make such payments.  (FAC Exh. 4 [Note] ¶¶ 3(A), 6(B).)  By falling behind on their loan payments, Plaintiffs failed to perform under the terms of the loan and were in default.  Therefore, they have failed to plead all the necessary elements of a breach of contract claim.

## B.  Breach of Implied Covenant of Good Faith

Every contract contains an implied covenant of good faith and fair dealing "that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."  *Comunale v. Traders & General Ins. Co.*, 50 Cal. 2d 654, 658 (1958).  "In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct."  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).  "The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another."  *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 372 (1992).

Plaintiffs allege that TCCU breached the implied covenant of good faith and fair dealing by "failing to conduct the due diligence and failing to explore options that would avoid the foreclosure of the Plaintiffs' home."  (FAC ¶ 26(i).)  Plaintiffs' claim fails in two respects.  First, by falling behind on their loan payments, Plaintiffs failed to fulfill their obligations under the loan.  Additionally, when there is a contractual relationship between the parties, "[t]he implied covenant of good faith and fair dealing is limited to

assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) (emphasis in original); *see Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).  The loan contains no language creating an obligation to modify the loan, and therefore, Plaintiffs lack a contractual basis for their claim.[5]

### C.  Wrongful Foreclosure

Under California law, "the elements of an equitable cause of action to set aside a foreclosure sale are: (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering."  *Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 104, 134 (2011).  Plaintiffs allege that "Defendants wrongfully proceeded to commence foreclosure proceedings by the filing of a factually flawed and procedurally defective Notice of Default and Notice of Trustee Sale . . . ."  (FAC ¶ 34.)  However, Plaintiffs fail to allege that the Subject Property was actually sold, a necessary element of a wrongful foreclosure claim.  *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010) ("Here, there is no dispute that a foreclosure sale did not take place . . . . Accordingly, the Court finds that this cause of action is premature.").

---

[5]  Plaintiffs' attempt to find the justification for their claim in California Civil Code sections 2923.5 and 2923.6 is unavailing.  Neither code section was explicitly or implicitly incorporated into the contract. Regardless, neither code section creates an obligation to modify a loan.

Even if Plaintiffs had alleged that the Subject Property was sold, their claim is still deficient because they have not alleged that TCCU acted illegally, fraudulently, or with willful oppression in selling the Subject Property.  Plaintiffs assert that the Notice of Default and Proof of Claim were defective because they overstated the amount Plaintiffs had fallen behind on the loan.  Even if that is true, Plaintiffs have failed to allege that this made the sale of the Subject Property improper.  Plaintiffs admit that they were behind on their loan payments.  Under the terms of the loan, they were therefore in default and TCCU had the right to record the Notice of Default and proceed with a trustee's sale.

**D.  Negligence**

Plaintiffs filed for Chapter 13 bankruptcy around March 2011.  As part of their bankruptcy case, TCCU filed with the bankruptcy court a claim stating that Plaintiffs were behind on their payments of the loan.  Plaintiffs allege that TCCU acted negligently by filing "a false and incorrect claim as to the amount that Plaintiffs owed to defendant, TCCU."  (FAC ¶ 48.)  Plaintiffs further allege that TCCU's false claim was the reason their bankruptcy case was eventually dismissed, thus causing them harm.

The Court finds that this is an improper collateral attack on the bankruptcy court's order to dismiss Plaintiffs' case.  Plaintiffs brought these concerns to the attention of the bankruptcy court.  (Def.'s Request for Judicial Notice Exh. 4 [Objection to Claim of Telesis Community Credit Union].)  To find in Plaintiffs' favor on this claim, the Court would implicitly find that the bankruptcy court erred in its decision to dismiss the case despite Plaintiffs' objections.  Rather than collaterally attack the bankruptcy court's order, Plaintiffs should refile their bankruptcy case, move for reconsideration, or directly appeal the bankruptcy court's order.

///

### E.  Violation of California Civil Code

Plaintiffs allege that TCCU violated California Civil Code sections 2923.5 and 2923.6 by failing to offer an acceptable loan modification.  Neither code section, however, creates an affirmative obligation on a lender to offer a loan modification. Section 2923.5 requires the mortgagee, beneficiary, or authorized agent to contact the borrower in person or by telephone to assess the borrower's financial situation and explore options to avoid foreclosure at least 30 days before the filing of a Notice of Default.  Cal. Civ. Code § 2923.5.  Plaintiffs do not allege any facts to suggest that TCCU violated this code section.  In fact, Plaintiffs admit that they engaged in loan modification discussions with TCCU; Plaintiffs were simply unhappy with the results of those discussions.

Like section 2923.5, section 2923.6 imposes no affirmative obligation on a lender to offer a loan modification.  *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (2010); *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1617 (2011) ("There is no 'duty' under Civil Code section 2923.6 to agree to a loan modification."); *Farner v. Countrywide Home Loans*, No. CV 08-2193, 2009 WL 189025, *2 (S.D.Cal. Jan. 26, 2009) ("Nothing in Cal. Civ. Code § 2923.6 imposes a duty on servicers of loans to modify the terms of loans or creates a private right of action for borrowers.").  Rather, "it merely expresses the hope that lenders will offer loan modifications on certain terms." *Mabry*, 185 Cal.App.4th at 222.  Plaintiffs therefore have no basis for claiming a violation of section 2923.6.

///
///
///
///

**F.  UCL**

The UCL prohibits an entity or an individual from engaging in "unfair competition," defined as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  Section 17200 borrows violations of other laws and treats them as unlawful practices that are independently actionable under the UCL. *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  Plaintiffs' UCL claim simply repeats the allegations forming the basis for their other causes of action.  Plaintiffs have failed to sufficiently plead those claims.  Therefore, their derivative UCL claim fails as well.  *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) ("A court may not allow a plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition."); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001).

**G.  Declaratory Relief**

Declaratory relief is intended to "afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *Rodriguez v. Bank of America*, No. CV No. 11-3839-PSG, 2011 WL 5864108, at *3 (N.D. Cal. Nov. 22, 2011).  Courts generally deny declaratory relief where another remedy is found to be more appropriate.  *Id*. at *4.  Further, "[a] claim for declaratory relief rises or falls with [the] other claims."  *Spurlock v. Carrington Mortg. Servs*., No. 09CV2273-MMA (JMA), 2010 U.S. Dist. LEXIS 80221, at *27 (S.D. Cal. Aug. 4, 2010).  Plaintiffs allege that declaratory relief is necessary because Defendants' claims to an interest in the Subject Property are improper.  In asking the Court to determine whether Defendants have a valid claim of interest in the Subject Property, Plaintiffs are essentially asking the Court to determine the issues raised elsewhere in the FAC.  Any new allegations specific to this cause of action are simply conclusory statements that are

insufficient to state a claim.  For example, Plaintiffs allege that "all powers purported to be vested in any instrument purporting to affect the Subject Property are null and void" and the Deed of Trust is unenforceable because "there are no longer any powers vested in these instruments . . . ."  (FAC ¶ 80.)  Plaintiffs allege no factual basis for these assertions, making them insufficient to state a claim.  *See Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) ("Mere legal conclusions are not entitled to the assumption of truth.").

## III.  CONCLUSION

For the foregoing reasons, and because Plaintiffs have given no indication that they can cure the defects in the FAC, the Court DISMISSES WITH PREJUDICE Plaintiffs' claims.

DATED:      June 18, 2013

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE